El Pueblo de Puerto Rico, demandante y peticionario, *v.* Jorge L. Navarro Alicea, demandado y recurrido.

*Número:* CE-94-485 *Resuelto:* 12 de mayo de 1995

*Federico Torres Jiménez*, Fiscal Especial Independiente, abogado del peticionario; *Héctor Santiago Rivera*, abogado del recurrido.

El Juez Presidente Señor Andréu García emitió la opinión del Tribunal.

Se presenta el Pueblo de Puerto Rico para que determinemos si bajo la Ley del Fiscal Especial Independiente (en adelante Ley del F.E.I.), Ley Núm. 2 de 23 de febrero de 1988,[1] un funcionario público investigado *tiene* derecho a "una apelación o revisión en sus méritos" ante el Panel sobre el Fiscal Especial Independiente (Panel sobre el F.E.I.) de la recomendación del Secretario de Justicia para que se designe un Fiscal Especial.

Por entender que bajo la Ley del F.E.I. la persona investigada *no* tiene derecho a una apelación, celebración de una vista o procedimiento alguno, salvo el dispuesto en la propia ley, revocamos la sentencia recurrida.

## I

Los hechos que dieron fundamento a este recurso tuvieron su génesis el 8 de octubre de 1992 cuando la Contralor de Puerto Rico (en adelante la Contralor), Hon. Ileana Colón Carlo, sometió una querella juramentada ante el Secretario de Justicia en la cual recomendó la designación de un Fiscal Especial Independiente (F.E.I.) con el fin de que se investigaran las operaciones de la oficina del Representante Jorge L. Navarro Alicea. Dicha querella expresa en *forma detallada* que desde el 2 de enero de 1989 hasta el 31 de diciembre de 1991, en la oficina del Representante Navarro Alicea, se realizaron pagos por concepto de sueldos y beneficios marginales a empleados que no realizaron labor alguna en o para la Cámara de Representantes de

_____
[1] 3 L.P.R.A. sec. 99h *et seq.*

Puerto Rico. Luego de recibir dicha querella, el Departamento de Justicia encomendó a uno de sus fiscales la realización de una *investigación preliminar* que comenzó el 20 de octubre de 1992.

Luego de examinar los hechos alegados en la querella y analizar la información recopilada, el Secretario de Justicia entendió que existía causa para creer que el Representante Jorge L. Navarro Alicea incurrió en delitos graves contra el erario. Por consiguiente, el 9 de diciembre de 1992 el Secretario de Justicia refirió el informe de la investigación preliminar al Panel sobre el F.E.I. mediante el cual recomendó la designación del F.E.I.

Conforme al derecho que le asiste, oportunamente el Representante Navarro Alicea le envió "una carta" al Panel sobre el F.E.I. en la que solicitó que no se confirmara la recomendación del Secretario de Justicia de que se nombre un F.E.I. para que investigue más a fondo los delitos imputados. En dicha carta,(²) el Representante Navarro Alicea afirma tener conocimiento de la investigación preliminar que ha llevado a cabo el Departamento de Justicia en relación con la querella presentada por la Contralor. Señala, además, que conoce *la naturaleza de las imputaciones* hechas en su contra y alega que las mismas están fundamentadas en prueba especulativa. A la luz de esto, concluye que no procede confirmar el nombramiento de un F.E.I. Acompañó un gran número de documentos en apoyo a sus antedichas aseveraciones.

Luego de analizada la prueba y los informes presentados, el Panel sobre el F.E.I. dictó una resolución el 13 de enero de 1993 que, en su parte pertinente, dispone como sigue:

> Luego de analizar el Informe que le sometiera el Secretario de Justicia, Hon. Jorge E. Pérez Díaz, fechado el 9 de diciembre de 1992, en torno a los hechos imputados al Representante

---

(²) La "carta" fue enviada el 21 de diciembre de 1992, dentro del término de quince (15) días disponibles en la Ley del Fiscal Especial Independiente.

Jorge Navarro Alicea, el Panel Sobre el Fiscal Independiente ha concluido que se "amerita una investigación a fondo, porque puede proceder la radicación de acusaciones en el caso que nos ocupa". Apéndice de la Petición de *certiorari* de 18 de octubre de 1994, pág. 7.

De conformidad con lo resuelto, dicho panel procedió a designar como F.E.I. a la Lcda. Lydia Lizarríbar de Masini. Esta realizó la investigación correspondiente, acorde con lo dispuesto en el Art. 11 de la Ley del F.E.I., 3 L.P.R.A. sec. 99r, por lo cual la Oficina del F.E.I. presentó, el 8 de junio de 1993, un total de noventa y dos (92) cargos contra el Representante Jorge L. Navarro Alicea por el delito de apropiación ilegal agravada de fondos públicos.[3]

Pautada la correspondiente vista ante una magistrada a los fines de la determinación de causa probable para el arresto, el imputado presentó, por medio de su representación legal, una moción en la cual solicitó la desestimación de los cargos argumentando, en síntesis, que dicha magistrada carecía de jurisdicción para entender en el caso ante su consideración porque el Panel sobre el F.E.I. "no resolvió" en sus *méritos la apelación o revisión que presentara el Representante Navarro Alicea*. Además, alega el imputado que "no [se] celebró vista, ni realizó ningún otro procedimiento de los establecidos en la Ley de Procedimiento Administrativo Uniforme ...". Apéndice de la Solicitud de *certiorari* de 18 de octubre de 1994, pág. 10.

La magistrada en cuestión (Hon. María E. Feliciano Fuentes) denegó dicha moción y determinó la existencia de causa probable para el arresto del Representante Navarro Alicea en todos y cada uno de los cargos imputados.

Señalado el caso para vista preliminar ante una magistrada del Tribunal Superior el 23 de julio de 1993, el imputado presentó una nueva petición de desestimación con los mismos fundamentos aducidos anteriormente. Ante esta nueva petición, la magistrada del Tribunal Superior,

---

[3] Art. 166(a) del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4272.

Sala de San Juan, determinó que la magistrada que anteriormente había intervenido en el caso carecía de jurisdicción para ordenar el arresto del peticionario, por razón de que el Panel sobre el F.E.I. no había resuelto en sus "méritos" la solicitud de revisión ante su consideración.([4]) De esta decisión recurre ante nos el Procurador General. Por no estar de acuerdo con el dictamen recurrido, revocamos.

## II

■ La Ley del F.E.I. tiene el propósito de asegurar la integridad de los funcionarios públicos y de las instituciones de gobierno, ya que establece un mecanismo específico para investigar y procesar criminalmente a funcionarios públicos que incurran en actividades delictivas.([5])

■ A tenor con tal propósito, se le encomendó al F.E.I. la responsabilidad de acudir a los tribunales cuando hay causa para creer que un funcionario público ha cometido o perpetrado actos ilegales contra el patrimonio del Estado. *Silva Iglecia v. F.E.I.*, 137 D.P.R. 821 (1995); *Pueblo v. Pérez Casillas*, 126 D.P.R. 702 (1990).

■ Ello, no obstante, la Ley del F.E.I. le confiere al F.E.I. designado un ámbito de jurisdicción limitada,([6]) sin que esto sea impedimento para que el Panel sobre el F.E.I. amplíe su encomienda o se le asignen nuevos asuntos.([7])

---

([4]) Resolución de 2 de junio de 1994, Civil Núm. KMI94-0017 (Hon. Gloria M. Iagrossi Brenes, Juez), págs. 3-6.

([5]) J.M. Masini-Muñoz, *Realidades de la Oficina del Fiscal Especial Independiente y de la ley que la estableció*, 62 (Núm. 1) Rev. Jur. U.P.R. 331, 332-333 (1993).

([6]) En *Pueblo v. Pérez Casillas*, 126 D.P.R. 702, 712 (1990), indicamos:
"En el caso de los Fiscales Especiales.—*a quienes por su naturaleza excepcional se les concede una encomienda específica*— resulta de particular importancia que deslindemos cuidadosamente el alcance de la jurisdicción de éstos, tomando en consideración, repetimos, que como regla general la jurisdicción para investigar y procesar los delitos que se cometen en Puerto Rico corresponde al Departamento de Justicia y que, *solo en circunstancias excepcionales*, se justifica la intervención de un fiscal especial ...." (Énfasis en el original.)

([7]) 3 L.P.R.A. sec. 99r(2).

Dicho ámbito de acción restringida ha sido objeto de discusión y consideración en el pasado, hecho sobre el cual no hay controversia alguna. *Pueblo v. Pérez Casillas*, supra.

 Por otra parte, el legislador dispuso un procedimiento limitado de "revisión" en el que se le brinda, tanto al querellante como al querellado, la oportunidad de solicitar al Panel sobre el F.E.I. que revise la recomendación del Secretario de Justicia para que se designe un F.E.I. o su negativa a no recomendarlo.([8])

Sobre el particular, el Art. 4 de la Ley del F.E.I., en sus incisos (3) y (5), dispone como sigue:

> *(3) Cuando se conduzca una investigación con relación a actuaciones de cualesquiera de los funcionarios o individuos enumerados en el inciso (1) anterior, de ser necesaria la radicación de denuncias o acusaciones esta acción no podrá ser conducida por el Secretario de Justicia, recayendo tal responsabilidad en el Fiscal Especial que designe el Panel.*
>
> *Cuando el Secretario de Justicia llegue a una determinación de si recomienda o no el nombramiento de un Fiscal Especial lo notificará al querellante que solicitó el nombramiento del Fiscal Especial y al funcionario a quien se solicita investigar.*
>
> . . . . . . . . .
>
> *(5) El Contralor de Puerto Rico, el Director de la Oficina de Ética Gubernamental o el querellante podrá solicitar al Panel dentro de quince (15) días a partir de la notificación recibida que revise la negativa del Secretario de Justicia a solicitar un Fiscal Especial. Igualmente, el funcionario a ser investigado podrá solicitar al Panel dentro de los quince (15) días a partir de la notificación recibida que revise y no confirme la recomenda-*

---

([8]) El Panel sobre el Fiscal Especial Independiente (en adelante Panel sobre el F.E.I.) es una criatura autóctona, pues no tiene contraparte en la legislación federal donde nuestra ley tiene su génesis. No obstante, nuestra Legislatura arrojó luz sobre la extensión y el alcance de tan innovadora medida. Según nos indica el Diario de Sesiones y la Exposición de Motivos de la ley habilitadora, el Panel sobre el F.E.I., en conjunto con la figura del Fiscal Especial Independiente, "garantiza[n] la absoluta objetividad de investigaciones contra altos funcionarios del Gobierno. [Además] provee un foro neutral e independiente para dilucidar palpablemente ante el pueblo supuestos o reales actos indebidos atribuibles a funcionarios gubernamentales ...". Exposición de Motivos de la Ley Núm. 2 de 23 de febrero de 1988, Leyes de Puerto Rico, pág. 6.

*ción del Secretario de Justicia de que se designe un Fiscal Especial.*(⁹) (Énfasis suplido.)

Como podemos observar, el legislador consideró apropiado y meritorio brindar al querellado un mecanismo en el que podrá solicitar "que *revise y no se confirme* la recomendación del Secretario de Justicia de que se designe un Fiscal Especial". Art. 4(5) de la Ley Núm. 2, *supra.*

El dictamen de la magistrada del Tribunal Superior no tomó en consideración la *naturaleza investigativa, informal y preliminar* que el legislador le imprimió a esta etapa de los procedimientos. A pesar de que el estatuto le confiere la prerrogativa al funcionario investigado de solicitarle al Panel sobre el F.E.I. que "revise y no confirme" la recomendación del Secretario de Justicia, dicho procedimiento no puede menoscabar la intención legislativa de proveerle al mencionado panel la flexibilidad y rapidez necesaria para realizar las investigaciones objeto de la querella.

En *Silva Iglecia v. F.E.I.*, supra, resolvimos que el querellado no tiene derecho de acceso a todos los documentos que tuvo ante sí el Panel sobre el F.E.I. cuando determinó confirmar la recomendación del Secretario de Justicia de nombrar un F.E.I. En aquella ocasión, el Tribunal Superior ordenó al Panel sobre el F.E.I. que se le concediese acceso al Senador Rolando Silva Iglecia del expediente investigativo a los fines de que éste pudiese obtener del Panel sobre el F.E.I., "en forma efectiva", la revisión de la recomendación del Secretario de Justicia. Señalamos entonces que "[n]o podemos perder de perspectiva que, en el caso de autos *y en esta etapa de los procedimientos, la función del Panel y del F.E.I. es de naturaleza investigativa".* (Énfasis suplido y en el original.) *Silva Iglecia v. F.E.I.*, supra, pág. 832.(¹⁰)

---

(⁹) 3 L.P.R.A. secs. 99k(3) y 99K(5).

(¹⁰) Como indicamos en *Silva Iglecia v. F.E.I.*, 137 D.P.R. 821, 833–834 (1995), "[e]n ausencia de una expresión legislativa al respecto, los funcionarios públicos

Dicho caso expuso lo siguiente al respecto:

...[E]l Panel, en el descargo de sus funciones y utilizando los criterios del Art. 11(c) de la Ley del F.E.I., *supra*, como *parámetros razonables*, determinará si la información sometida cumple con dichos requisitos. Entendemos que permitirle al funcionario que examine el expediente investigativo resultaría en un menoscabo de la discreción e independencia decisoria que la Ley del F.E.I. le concedió a los miembros del Panel. De esto ser permitido, el funcionario que sea objeto de la investigación podría ejercer el poder o la influencia de su cargo para tratar de afectar la determinación que emitiese el Panel al recomendar la designación de un F.E.I. .... Esta *etapa de los procedimientos, después de todo, es investigativa, por lo que no culminará necesariamente en un procesamiento criminal del funcionario investigado.*

Cabe señalar que surge del debate del proyecto en la Cámara de Representantes, que la intención del legislador era *que los procedimientos investigativos se atendiesen con premura.* A esos efectos, el Representante Valera Fernández expresó lo siguiente:

*Un detalle que es de mucha importancia es la ligereza que se quiere dar a toda investigación de esta clase.* Se le concede un término fijo al Secretario de Justicia para que haga la investigación preliminar debiendo solicitar una prórroga en aquellos casos que sea necesario, y también al Fiscal Especial se le concede un término de noventa días pudiendo solicitar una prórroga adicional en caso que también fuera necesario. *Sí, lo que se plantea es la ligereza, pero a la misma vez la seriedad, y también se le da la independencia económica para que pueda hacer la investigación correspondiente.* Debate sobre el sustitutivo al P. del S. 931 de 29 de enero de 1988, pág. 38. (Énfasis suplido y en el original.) *Silva Iglecia v. F.E.I.*, supra, págs. 830–831.

No obstante, en el caso ante nuestra consideración, la magistrada instructora determinó que el funcionario investigado tiene derecho a una "revisión en sus méritos" en la que se le permita aportar evidencia en su defensa y se demuestre fehacientemente que el Panel sobre el F.E.I. uti-

---

investigados bajo la Ley del F.E.I. no pueden tener más derechos de acceso al expediente investigativo que los derechos que tiene un ciudadano común que sea objeto de una investigación criminal. *Sabido es que antes de mediar una acusación criminal, el sumario fiscal, esto es, el expediente del Ministerio Público que contiene las declaraciones juradas y la prueba del Fiscal, es privado y secreto".* (Énfasis en el original suprimido y énfasis suplido.)

lizó tal prueba al emitir su determinación final.(11) Por consiguiente, la pregunta medular es, ¿cuál es el alcance del derecho a "revisión" que la Legislatura le otorgó a los afectados por la recomendación del Secretario de Justicia? Veamos.

## III

▮ Al Panel sobre el F.E.I. se le confirió la autoridad de designar y supervisar un F.E.I., y de revisar las determinaciones que haga el Secretario de Justicia sobre los posibles actos delictivos cometidos por funcionarios públicos.

> ... [A]demás de designar a los Fiscales Especiales, los supervisará y *tendrá la facultad para revisar las determinaciones que haga el Secretario de Justicia en relación a los alegados actos delictivos cometidos por funcionarios públicos cuya investigación y procesamiento debe referirse a Fiscales Especiales.* (Énfasis suplido.) Expediente sobre el sustitutivo al P. del S. 931 de 29 de enero de 1988, pág. 11.

▮ La garantía procesal que le provee el citado Art. 4(5) de la Ley del F.E.I. al funcionario investigado, no puede ir en detrimento de la autoridad del citado panel para nombrar un F.E.I. si, luego de considerar la prueba recopilada, entiende que es meritorio realizar una investigación más a fondo.

---

(11) La magistrada de instancia determinó lo siguiente:

"Resulta obvio que el derecho que concede la sección antes aludida no es un derecho aislado, y que por lo tanto obliga al Panel a resolver la solicitud que el investigado le hace a los fines de que no se le nombre un fiscal especial independiente. No podría el Panel ampararse en que es discrecional el tomar acción sobre la solicitud del peticionario, primero, porque la ley que le crea nada dice de la dice de la discreción del Panel para resolver la solicitud del investigado; y segundo y no menos importante, es que pensar que el Panel no tiene que considerar la solicitud del investigado es contrario al debido proceso de ley. Darle el derecho al investigado a solicitar un remedio y no contestarle-dejándolo en la incertidumbre de si la prueba aportada en su defensa fue siquiera considerada y aquilatada en su justa perspectiva, resultaría en una burla a nuestro sistema de derecho, donde no podemos privar a una persona de su libertad, si de antemano no le damos las garantías mínimas de que el procedimiento al que el estado lo está sometiendo, es esencialmente *justo.*" (Énfasis en el original.) Apéndice de la Solicitud de *certiorari* de 18 de octubre de 1994, pág. 181.

No surge del historial legislativo ni de la Exposición de Motivos de la Ley del F.E.I. el intento o propósito de crear el derecho de apelar o de obtener la revisión formal de la recomendación del Secretario de Justicia, o de su negativa a recomendar, la designación de un F.E.I. No debemos olvidar que al interpretar una ley deben tomarse en consideración los propósitos que persigue de forma tal que no se aparte del fin y de la política pública por la cual fue creada. *Silva Iglecia v. F.E.I.*, supra; *Ind. Cortinera Inc. v. P.R. Telephone Co.*, 132 D.P.R. 654 (1993); *Esso Standard Oil v. A.P.P.R.*, 95 D.P.R. 772, 785 (1968). Todo cuanto la ley concede al funcionario afectado por la recomendación del Secretario de Justicia es el derecho a solicitar del Panel sobre el F.E.I. que rechace dicha recomendación exponiendo, naturalmente, las razones que a su juicio justifican tal curso de acción.

Esta Curia reconoce que el legislador deseaba impregnarle flexibilidad y rapidez al procedimiento en esta etapa, mientras protegía los derechos —al amparo del debido proceso de ley— de toda persona afectada adversamente por la investigación. No obstante, "[n]o podemos colocar en una camisa de fuerza al [Panel] y dejarlo maniatado ante posibles manifestaciones de corrupción". *Marrero Caratini v. Rodríguez Rodríguez*, 138 D.P.R. 215, 224 (1995).

## IV

Finalmente, el recurrido cuestiona la resolución del Panel sobre el F.E.I. donde "no se consideró" la información y prueba que ofreció en su carta, todo esto invocando las exigencias impuestas por el debido proceso de ley en su aspecto procesal.[12]

Al respecto, señaló el foro de instancia que "[n]o podr[á] el Panel ampararse en que es discrecional el tomar acción

---

[12] Art. II, Sec. 7, Const. E.L.A., L.P.R.A., Tomo 1.

sobre la solicitud del peticionario, primero, porque la ley que le crea nada dice de la discreción del Panel para resolver la solicitud del investigado; y segundo y no menos importante, es que pensar que el Panel no tiene que considerar la solicitud del investigado es contrario al debido proceso de ley". Apéndice de la Solicitud de *certiorari* de 18 de octubre de 1994, pág. 181. Discrepamos.

En primer lugar, la resolución expone en su primer párrafo lo siguiente: *"Luego de analizar el Informe que le sometiera el Secretario de Justicia ...* el Panel Sobre el Fiscal Especial Independiente *ha concluido* que 'se amerita una investigación a fondo, porque puede proceder la radicación de acusaciones y cargos en el caso que nos ocupa.' " (Énfasis suplido.) Apéndice de la Solicitud de *certiorari* de 18 de octubre de 1994, pág. 7.

El hecho de que el Panel sobre el F.E.I. haya omitido dar una explicación más detallada sobre cómo advino a la referida conclusión, no invalida la justiciabilidad de la resolución en cuestión. Dicha omisión no es índice de que el referido panel haya dejado de considerar la información sometida por el funcionario a ser investigado. No estamos en este caso ante una vista administrativa, sujeta a las normas procesales contempladas en la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, Ley Núm. 170 de 12 de agosto de 1988 (3 L.P.R.A. sec. 2101 *et seq.*). Dicha ley claramente no aplica en los casos en que hayan *"funciones investigativas y de procesamiento criminal* que realizan el *Departamento de Justicia,* el Negociado de Investigaciones Especiales y la Policía de Puerto Rico". (Énfasis suplido.)[13] Por otro lado, la Ley del F.E.I. no exige procedimientos ni determinaciones detalladas sobre la designación o no de un F.E.I., ni tampoco la celebración de vistas administrativas del Panel sobre el F.E.I. a los fines de recibir evidencia, simplemente

---

[13] 3 L.P.R.A. sec. 2103.

se limita a garantizar que la prueba aportada haya sido "aquilatada en su justa perspectiva". Resolución de 2 de junio de 1994, Civil Núm. KMI94-0017, pág. 180. Véase *Pueblo v. Rexach Benítez*, 130 D.P.R. 273 (1992). La confidencialidad es piedra angular en toda investigación criminal antes de la radicación de cargos. Más aún, en cuanto al aspecto específico que hemos examinado, es importante señalar que el Panel sobre el F.E.I. sólo se limita a servir de cedazo para asegurar que no se inicie un proceso criminal contra un funcionario público fundamentado en alegaciones frívolas o mal intencionadas.[14] Por lo tanto, el Panel sobre el F.E.I. no entra a considerar el valor probatorio de la evidencia obtenida; *simplemente se limita a determinar si se amerita una investigación a fondo.*

Ante este cuadro, es inescapable la conclusión de que este planteamiento del recurrido también es inmeritorio.

## V

Por último, es preciso señalar una vez más que "[e]l mecanismo del Fiscal Especial Independiente, bajo la supervisión de un Panel nombrado por el Gobernador del Estado Libre Asociado de Puerto Rico y compuesto exclusivamente por Ex Jueces del Tribunal Supremo o Superior, o de ambos, garantiza la absoluta objetividad en las investigaciones contra altos funcionarios del gobierno". Exposición de Motivos de la Ley Núm. 2, *supra*, págs. 5–6. Ante esta clara manifestación de política pública no podemos concebir una interpretación que pretenda conceder a los "altos funcionarios del gobierno" derechos adicionales a los

---

[14] Nos indica el Senador Izquierdo Stella lo siguiente:

"[El Panel] elimina dos (2) situaciones fundamentales. Primero, que haya un prejuicio o parcialidad a favor o en contra de funcionarios públicos. Se evita la persecución política. Se crea un cedazo de Jueces, para que el Secretario de Justicia, por su propia voluntad, no pueda nombrar un Fiscal inescrupuloso, donde anteriormente ha habido una combinación para perseguir a los funcionarios." Debate sobre el sustitutivo al P. del S. 931, Diario de Sesiones de la Asamblea Legislativa (Senado), pág. 281 (1987).

que disfruta un ciudadano común y corriente en los procesos criminales ordinarios. *Silva Iglecia v. F.E.I.* supra. Las limitadas funciones del Panel sobre el F.E.I. y la especial naturaleza de la figura del F.E.I. son necesarias para garantizar "la absoluta objetividad de investigaciones" contra los mencionados funcionarios del Gobierno y así eliminar, en lo posible, cualquier apariencia de conflicto entre los intereses del Estado, representados por el Secretario de Justicia, quien es el funcionario que ordinariamente tiene a su cargo la función de procesar criminalmente a los infractores de la ley, y los intereses de tales "altos funcionarios del gobierno", quienes son los que ejercen el poder del Estado y a cuya esfera de influencia concebiblemente podría quedar sujeto el Secretario de Justicia. En vista de lo anterior, bajo el esquema de la Ley del F.E.I., en términos generales el Panel sobre el F.E.I. sustituye al Secretario de Justicia, y el F.E.I. sustituye a los fiscales adscritos al Departamento de Justicia, pero los derechos de las personas procesadas bajo uno u otro esquema *son siempre los mismos*. Al amparo de nuestra Constitución, ningún ciudadano objeto de un proceso criminal puede tener o disfrutar de más derechos que cualquier otro ciudadano. Conforme al procedimiento criminal ordinario, a nadie se le ocurriría postular que un ciudadano tiene derecho a presentar una solicitud de revisión ante el Secretario de Justicia para impugnar su determinación de iniciar una investigación criminal en contra del primero, previa la concesión de una vista plenaria a los fines de que el ciudadano pueda descubrir la evidencia en su contra, impugnar la misma y/o presentar prueba en su defensa.

Resolvemos, pues, que incidió la magistrada que preside la vista preliminar en este caso al determinar que carecía de jurisdicción para considerar la existencia de causa probable contra el aquí recurrente, hasta tanto el Panel sobre el F.E.I. resolviera la solicitud de revisión ante su consideración.

Por los fundamentos antes expuestos, *se dictará sentencia revocando la resolución recurrida y ordenando la continuación de los procedimientos en este caso en forma compatible con lo aquí expuesto.*

El Juez Asociado Señor Rebollo López disintió con opinión escrita.

— O —

Opinión disidente emitida por el Juez Asociado Señor Rebollo López.

Nuevamente nos vemos en la obligación o necesidad de disentir de la interpretación, recurrente y errónea, que realiza la mayoría de los integrantes del Tribunal de la Ley Núm. 2 de 23 de febrero de 1988, conocida como la Ley del Fiscal Especial Independiente; interpretación que erosiona, y prácticamente deja sin efecto, el expreso lenguaje de la referida Ley y la clara intención que tuvo el legislador al aprobar la misma.

En el caso de autos, la Mayoría llega al *punto culminante* en su empeño de *ignorar totalmente*, por fíat judicial, los *claros términos* en que está redactada la referida Ley del Fiscal Especial Independiente. Expresa la Mayoría que cuando el legislador le concedió al funcionario querellado el *derecho* a recurrir, ante el Panel de ex-jueces, *en "revisión"* de la determinación del Secretario de Justicia de que se designe un fiscal especial, lo que estableció fue un procedimiento "informal" de revisión; procedimiento que, según la Mayoría, se reduce a "analizar" superficialmente la recomendación del Secretario de Justicia.

Dicha interpretación *es una asombrosamente errónea.* No puede perderse de vista que estamos ante la interpretación de un estatuto de *naturaleza* penal.[1] Harto cono-

---

[1] Así, *expresamente*, lo reconoció el Tribunal en la Opinión mayoritaria que se emitió en *Silva Iglecia v. F.E.I.*, 137 D.P.R. 821 (1995).

cido es que al interpretar esta clase de estatutos el principio de legalidad *nos obliga a interpretar los mismos de manera restrictiva.* Véanse: Art. 8 del Código Penal, 33 L.P.R.A. sec. 3031; *Pueblo v. Uriel Álvarez*, 112 D.P.R. 312 (1982); *Pueblo v. Ríos Nogueras*, 114 D.P.R. 256 (1983); *Pacheco v. Vargas, Alcaide*, 120 D.P.R. 404 (1988). Acomodaticiamente se olvida la Mayoría de la sabia y reiterada norma, establecida por este Tribunal en *Pueblo v. Arandes De Celis*, 120 D.P.R. 530, 538 (1988), a los efectos de que "un estatuto penal *debe ser interpretado restrictivamente en cuanto a lo que desfavorece al acusado y liberalmente en cuanto a lo que lo favorezca".* (Énfasis suplido.) El Tribunal en el presente caso, como hemos visto, *hace todo lo contrario.*

Como expresáramos en la Opinión disidente que emitiéramos en *Silva Iglecia v. F.E.I.*, 137 D.P.R. 821, 856–857 (1995):

> Dicho de otra forma, con motivo de la decisión mayoritaria hoy emitida se *elimina* la posibilidad de que cualquier funcionario público, de los cobijados por la citada Ley Núm. 2, que en el futuro pueda verse envuelto en una situación similar, *y contra quien se haya radicado una querella inmeritoria*, pueda evitar que su nombre y reputación sean [innecesariamente] *zarandeados públicamente* como consecuencia de la celebración de un proceso criminal.
>
> Esa situación, consecuencia directa e inescapable de la decisión mayoritaria hoy emitida, es lo que resulta ser verdaderamente importante e impresionante, *y ciertamente lamentable.* (Énfasis suplido y en el original.)

Somos del criterio que la única forma en que se puede evitar que este Tribunal siga, de manera selectiva, *derogando judicialmente* dicha Ley será mediante una actuación enérgica de la Asamblea Legislativa que no deje duda alguna sobre cuál fue su "intención", en este respecto, al originalmente aprobar la misma.